[Civ. No. 17909.   Second Dist., Div. One.   Apr. 17, 1951.]

VIOLA R. KARLEIN, Respondent, v. LUDWIG KARLEIN, Appellant.

William Hicks for Appellant.

McIver & Snow for Respondent.

DRAPEAU, J.—Plaintiff and defendant married in Las Vegas in 1941.   They have two children, one adopted.

November 10, 1949, the wife filed complaint for divorce.

November 18, 1949, defendant appeared, without counsel, on an order to show cause, and was ordered to make payments for the support of his children.

January 6, 1950, defendant again appeared, without counsel, on a contempt proceeding, which was dismissed.

On both of these occasions defendant attempted to reconcile with plaintiff, but she "refused to talk to" him.

November 14, 1949, copy of the complaint and summons was served personally upon defendant.

December 22, 1949, his default was entered, no appearance having been made for him.

January 12, 1950, interlocutory judgment of divorce was made, and entered on the following day.

February 3, 1950, defendant appeared by counsel and moved to set aside the default and the default judgment. The motion was submitted upon affidavits of defendant, his wife, and others, and by the court denied. From this order defendant appeals.

Defendant's affidavit alleges that he was not familiar with legal procedure, and had some difficulty with the English language; that plaintiff in 1947, and again in 1948, instituted divorce proceedings against him which terminated by reconciliation; that when he was served with summons and complaint he did not realize that the complaint had to be answered within 10 days; that up until January 11, 1950, defendant made several attempts to get in touch with counsel who represented him in the previous divorce proceedings, but was unable to contact him.

Defendant's affidavit further alleges that on January 11, 1950, he was taken into custody on a psychopathic warrant issued upon an affidavit sworn to by his wife; that he was held in Los Angeles County Hospital and in Patton State Hospital until January 27, 1950, when he was found sane by a jury and released; that at the time of the default hearing resulting in the interlocutory decree he was actually confined in the psychopathic ward of Los Angeles County Hospital, and that plaintiff well knew of his incarceration.

The wife in her affidavit averred that defendant was better acquainted with legal procedure than the ordinary person, having been involved in legal matters, both civil and criminal; that from the date of her separation from defendant he had paid nothing to her for her support, or for the support of the children; that defendant had threatened to kill her and the children, and that she was in fear of him.

Other affidavits were by court attachés and counsel. Counsel for defendant averred that he believed defendant had a good and valid defense to the cause of action alleged in plaintiff's complaint. Affidavits of court attachés stated that at

the time defendant appeared before them they had advised him to obtain counsel for himself.

While it is the general rule that reviewing tribunals will uphold the discretion exercised by a trial court in granting or denying motions for relief under section 473 of the Code of Civil Procedure, it would seem in this case that defendant should have an opportunity to defend himself. The court commissioner before whom defendant appeared for the purpose of fixing temporary support and counsel fees reported that defendant appeared on the verge of a nervous collapse. On that hearing it was stipulated that defendant would submit himself to a "psychological" examination. The contempt proceeding was dismissed because of defendant's mental condition. Undoubtedly defendant was in a disturbed mental state.

In the circumstances here appearing a showing of excusable neglect was made, and defendant was entitled to relief from the default taken against him and from the interlocutory judgment which followed. It certainly may not be said that he was guilty of inexcusable neglect.

■ An appellate court listens more readily to an appeal from an order denying relief under section 473 of the Code of Civil Procedure. ■ The law is remedial and any doubt as to the propriety of setting aside a default should be resolved in favor of the application, even in a case where the showing under the section is not strong. (*Hambrick* v. *Hambrick*, 77 Cal.App.2d 372 [175 P.2d 269].)

Neither party should be deprived of a hearing except when guilty of inexcusable neglect, and doubts should be resolved in favor of an application to set aside a default judgment. (*Bodin* v. *Webb*, 17 Cal.App.2d 422 [62 P.2d 155].)

In the case of *Brill* v. *Fox*, 211 Cal. 739, 743 [297 P. 25], our Supreme Court states the rule to be applied in such cases as this:

"The legal principles underlying the granting of motions to set aside defaults are comparatively simple, and have been frequently announced by this court. The question is primarily one within the discretion of the trial court, but this discretion is not capricious or arbitary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles.

" 'It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with

the spirit of the law, and in a maner to subserve and not to impede or defeat the ends of substantial justice.' (Citing cases.) It is also well settled that it is the policy of the law to bring about a trial on the merits wherever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits. (Citing cases.) Although it is true that courts of appeal have shown great reluctance in cases of this kind to disturb the order of the trial court, it is equally true that denials of such relief by the trial court are scanned more carefully than cases where the trial court has granted the relief, to the end that wherever possible cases may be heard on their merits. (Citing cases.)''

The order is reversed.

White, P. J., and Doran, J., concurred.