[No. G037377. Fourth Dist., Div. Three. Mar. 26, 2007.]

ILIE BURNETE, Plaintiff and Appellant, v.
LA CASA DANA APARTMENTS et al., Defendants and Respondents.

COUNSEL

Law Office of Morris Stone and Morris Stone for Plaintiff and Appellant.

Law Offices of Richard J. Wianecki and Dana C. Clark for Defendants and Respondents.

OPINION

MOORE, J.—Ilie Burnete (Burnete) brought a personal injury action against La Casa Dana Apartments, L'Abri Management, Inc., and Sera Trust (collectively, La Casa Dana), arising from the purportedly dangerous condition of an apartment complex staircase. A judgment of nonsuit was entered against Burnete, who represented himself at trial. Burnete appeals from the order denying his motion to set aside the judgment.[1]

In retrospect, Burnete realizes that he made a mistake in assuming that he could competently represent himself at trial. He says that this assumption constituted mistake or excusable neglect, justifying a set aside, and that the court abused its discretion in denying his motion. Were we to agree, no judgment against a self-represented party would ever be final. Every defendant who paid for legal counsel at trial would have to pay for a second trial after the self-represented plaintiff lost. The court did not abuse its discretion in denying relief. We affirm.

In addition, we deny La Casa Dana's motion to dismiss and request for judicial notice, for reasons we will explain.

I

FACTS

Judgment was entered against Burnete on October 13, 2005. Burnete filed his set aside motion on April 4, 2006.

In his set aside motion, Burnete stated that he is Romanian and has a very poor command of the English language. He also said that, at the time of trial,

---

[1] As a technical point, Burnete's notice of appeal says that he appeals from the order denying his set aside motion, the judgment, and the order granting the motion of his former counsel to be relieved. In his briefing, Burnete argues only that the court erred in denying his motion to set aside the judgment. Issues of timeliness aside, Burnete has waived his appeals from the judgment and the order relieving counsel, by failing to argue them. (*Estate of Bibb* (2001) 87 Cal.App.4th 461, 470 [104 Cal.Rptr.2d 415].)

he "had a very limited knowledge of the law of the State of California and absolutely no knowledge of the laws, rules and regulations governing the trial of a case to a jury." Burnete summed up his plight by stating: "Now, in retrospect, [he] realizes that he made a great mistake in trying to be his own lawyer in this complex matter and that he had an erroneous concept of the law pertaining to the [trial] of [matters]."

Burnete urged the court to set aside the judgment because he was "mistaken as to the legal [consequences] of his actions" and because of excusable neglect, given his emotional strain, financial duress and medical condition. (Capitalization and boldface omitted.) The order on the motion stated: "Plaintiff was not diligent and failed to seek CCP [§] 473 relief within a reasonable time after judgment was entered. Plaintiff has further failed to establish that judgment was taken against plaintiff due to plaintiff's mistake and/or excusable neglect."

## II

## DISCUSSION

### A. *Preliminary Matters*

#### (1) *Motion to dismiss*

As a preliminary matter, we note that La Casa Dana has filed a motion to dismiss the appeal. According to La Casa Dana, the appeal has been taken from a nonappealable order. La Casa Dana concedes that Code of Civil Procedure section 904.1, subdivision (a)(2) permits an appeal to be taken from a postjudgment order. However, as it correctly contends, "section 904.1, subdivision (a)(2) notwithstanding, not every postjudgment order is appealable." (*Roden v. AmerisourceBergen Corp.* (2005) 130 Cal.App.4th 211, 213 [29 Cal.Rptr.3d 810].)

It is nonetheless the case that this particular postjudgment order is appealable. " 'While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under Code of Civil Procedure section 473,

an order denying such a motion is regarded as a special order made after final judgment and is appealable under Code of Civil Procedure section 904.1, subdivision (b) [see now 904.1, subd. (a)(2)].' [Citation.]" *(Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 [72 Cal.Rptr.2d 188].)

### (2)  *Request for judicial notice*

La Casa Dana has also requested that this court take judicial notice of the judgment and the notice of entry of judgment in this matter. However, those documents are contained in the respondents' appendix on appeal. Therefore, the request for judicial notice is denied as moot.

### B.  *Merits*

### (1)  *Introduction*

Burnete argues that the court abused its discretion in denying his motion, because there was evidence of mistake of law and excusable neglect. Alternatively, he contends the court should have granted his motion on equitable grounds.[2]

Code of Civil Procedure section 473, subdivision (b),[3] provides in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. . . ." "It is clearly established that '[a] motion for relief under section 473 is addressed to the sound discretion of the trial court and an appellate court will not interfere unless there is a clear showing of an abuse.' [Citation.] The discretion conferred upon the trial court, however, is not a ' " 'capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' " [Citations.]' [Citation.]" *(Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1180 [75 Cal.Rptr.2d 809].)

---

[2] Burnete also argues that the court erred in finding that he did not file his motion within a reasonable time after judgment was entered. Inasmuch as we hold that the court did not abuse its discretion in denying the motion on the merits, we need not address Burnete's arguments concerning the timeliness of his motion.

[3] All further statutory references are to the Code of Civil Procedure unless otherwise specifically stated.

## (2) *Litigant regrets*

Burnete describes some of the errors he made at trial. Due to his lack of understanding of the law, he says, he was unable to present his expert medical witness, for having failed to designate an expert. He also says that, due to his inexperience, he was unable to get his photographs of the staircase and his medical records into evidence. The only evidence he put on was his own testimony, but he was not even skilled at getting that into evidence. Moreover, he says, because of the postinjury pain medication he was taking, he was in a confused condition at trial and had an impaired ability to recall events. For that matter, he states that he communicates poorly in any event because English is not his native language.

La Casa Dana points out that the court cautioned Burnete against proceeding without an attorney. Among other things, the court correctly warned: "And, Mr. Burnete, you understand that I can't give you any special considerations because you are representing yourself, and you are subject to all of the same standards that you would as an attorney? Do you understand that?" Burnete replied, "Yes, yes."

As we have previously stated: "We recognize the fact that [Burnete was] appearing without the benefit of legal counsel. However, we are unable to ignore rules of procedure just because we are aware of that fact. 'When a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation].' [Citations.]" (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444 [34 Cal.Rptr.3d 383].) In other words, when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel.

Burnete concedes that he performed poorly as his own attorney, and that he is not challenging the grant of nonsuit against him. In other words, when he asserts that he was entitled to a set aside because of a mistake of law, what he really means is not that he made a mistake of law when he attempted to put on his case at trial, but that he made a mistake in judgment when he chose to act as his own attorney. However, Burnete cites no case that would support the argument that he should be relieved of the consequences of a decision of that nature. He cites two cases in which relief was afforded to self-represented litigants, i.e., *Karlein v. Karlein* (1951) 103 Cal.App.2d 496 [229 P.2d 831] and *Rappleyea v. Campbell* (1994) 8 Cal.4th 975 [35 Cal.Rptr.2d 669, 884 P.2d 126], but those cases are distinguishable.

### (3) *Relief under section 473*

Burnete emphasizes that in *Karlein v. Karlein, supra*, 103 Cal.App.2d 496, excusable neglect was shown when a party against whom a default judgment was entered was a self-represented litigant who had difficulty speaking English and was under mental duress. This is an oversimplification of the case, however.

In *Karlein v. Karlein, supra*, 103 Cal.App.2d 496, a husband sought to set aside a January 12, 1950 interlocutory judgment of divorce that had been entered against him on default. (*Id.* at p. 497.) In the affidavit supporting his motion, the husband stated that he had some difficulty with the English language and that he lacked familiarity with legal procedure. He also alleged "that on January 11, 1950, he was taken into custody on a psychopathic warrant issued upon an affidavit sworn to by his wife; that he was held in Los Angeles County Hospital and in Patton State Hospital until January 27, 1950, when he was found sane by a jury and released; that at the time of the default hearing resulting in the interlocutory decree he was actually confined in the psychopathic ward . . . and that plaintiff well knew of his incarceration." (*Ibid.*) The trial court denied the motion and the appellate court reversed. (*Id.* at pp. 497, 499.)

The appellate court stated: "While it is the general rule that reviewing tribunals will uphold the discretion exercised by a trial court in granting or denying motions for relief under section 473 of the Code of Civil Procedure, it would seem in this case that defendant should have an opportunity to defend himself." (*Karlein v. Karlein, supra*, 103 Cal.App.2d at p. 498.) Burnete downplays this language, wherein it is made clear that the court was heavily swayed by the fact that the defendant could not appear to defend himself because of his confinement in a hospital. Instead, Burnete emphasizes the portion of the opinion wherein the court said that "any doubt as to the propriety of setting aside a default should be resolved in favor of the application, even in a case where the showing under the section is not strong. [Citation.]" (*Ibid.*)

In the case before us, however, we have no default judgment and no instance in which a party was unable to appear because of confinement. Rather, Burnete had his day in court. The trial court evidently had no doubt to resolve in ruling on Burnete's motion and we cannot say that it abused its discretion in making its ruling under section 473.

### (4) *Equitable relief*

We also cannot say that the court abused its discretion in failing to exercise its equitable powers to grant Burnete relief. Burnete's next case, *Rappleyea v. Campbell, supra*, 8 Cal.4th 975, supports our conclusion.

In *Rappleyea v. Campbell, supra*, 8 Cal.4th 975, the defendants were Arizona residents who chose to represent themselves. (*Id.* at p. 978.) They had a friend, an Arizona lawyer, contact the clerk's office to ascertain the filing fee for their answer. The clerk's office stated that the filing fee was $89 and the defendants timely presented their answer together with the $89 fee. As it turned out, the clerk's office had provided misinformation and the correct filing fee was $159. Consequently, the clerk's office rejected the defendants' answer, because it was not accompanied by the correct filing fee. (*Ibid.*) When the answer was returned with the correct filing fee, it was then filed, albeit late. (*Id.* at pp. 978–979.) A $200,240.39 default judgment was entered against the defendants. (*Id.* at p. 978.)

To compound matters, the plaintiff's counsel then misdescribed California law on set aside motions to the defendants. The effect of the faulty legal advice was to convince the defendants that they had no right to seek a set aside of the default under section 473. (*Rappleyea v. Campbell, supra*, 8 Cal.4th at p. 979.) Ultimately, the defendants brought a set aside motion after the period of time for doing so had expired under section 473. The trial court denied the motion. (8 Cal.4th at p. 980.) The issue on appeal was not whether the trial court had abused its discretion in failing to provide relief under section 473, but whether it had abused its discretion in declining to use its equitable powers to afford relief. (8 Cal.4th at pp. 980–981.)

The *Rappleyea* court applied a three-part test with respect to equitable relief. " 'To set aside a *judgment* based upon extrinsic mistake one must satisfy three elements. First, the defaulted party must demonstrate that it has a meritorious case. Second[], the party seeking to set aside the default must articulate a satisfactory excuse for not presenting a defense to the original action. Last[], the moving party must demonstrate diligence in seeking to set aside the default once . . . discovered.' [Citation.]" (*Rappleyea v. Campbell, supra*, 8 Cal.4th at p. 982.)

In applying the test, the court noted as to the first prong that an attorney had provided a declaration in which he opined that the defendants had a good defense. (*Rappleyea v. Campbell, supra*, 8 Cal.4th at p. 983.) Most importantly, the court observed, with respect to the second prong, that the defendants had a solid excuse for not presenting a defense to the original action, i.e., that the clerk's office had provided inaccurate information that resulted in an untimely filing and a subsequent default. (*Id.* at pp. 982–983.) With respect to the third prong, regarding diligence, the court noted that the defendants had also received misinformation from plaintiff's counsel on pursuing a set aside. (*Id.* at p. 984.) The court reversed the default judgment. (*Id.* at p. 985.)

In so holding, the court provided extensive cautionary language. It stated: "We draw our conclusion narrowly. The clerk's error and plaintiff's incorrect

statement of the law together persuade us that the court abused its discretion when it denied defendants' motion. These rare events should not combine to make defendants suffer a $200,240.39 judgment without a hearing on the merits. [¶] As alluded to, however, we make clear that mere self-representation is not a ground for exceptionally lenient treatment. Except when a particular rule provides otherwise, the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation. [Citation.] . . . A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation. Although in reaching our decision we have incidentally considered whether parties in defendants' position would reasonably have relied on advice from the clerk's office and whether they would have understood the meaning of a default, our focus is on the clerk's and plaintiff's incorrect advice rather than on defendants' ill-advised self-representation." (*Rappleyea v. Campbell, supra,* 8 Cal.4th at pp. 984–985.)

In the case before us, however, we have no such extreme facts. Burnete did not suffer a default judgment due to the receipt of misinformation from the court clerk. Indeed, he suffered no default judgment at all. He had his day in court and lost his case not due to third party misrepresentation, but due to his own inability to present his case as a licensed attorney would. While it is true that Burnete's counsel on appeal has opined that Burnete would have a meritorious case if he had an opportunity to present it a second time, Burnete is not entitled to a second bite at the apple. Rather, as the court in *Rappleyea v. Campbell, supra,* 8 Cal.4th 975 made clear, self-represented litigants are generally entitled to no special treatment.

The *Rappleyea* court emphasized: "[T]he parties agree defendants were naïve to rely on themselves to protect their substantial legal interests . . . . They disagree about whether that naïveté compels a legal remedy. Naïveté does not, but two key undisputed facts do. As stated, the clerk's office misinformed defendants about the amount of money due for an answer by two defendants. And . . . , plaintiff misinformed defendants about the legal effect of the resulting default. These facts govern our decision, rather than a view that defendants' improvident initial self-representation particularly entitles them to the balm of relief from default. Procedural law cannot cast a sympathetic eye on the unprepared, or it will soon fragment into a kaleidoscope of shifting rules." (*Rappleyea v. Campbell, supra,* 8 Cal.4th at p. 979.)

## III

## DISPOSITION

The motion to dismiss is denied. The request for judicial notice is denied. The order denying the motion to set aside the judgment of nonsuit is affirmed. Respondents shall recover their costs on appeal.

Sills, P. J., and Bedsworth, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 13, 2007, S152600.