Filed 6/19/13  Steffan v. Steffan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| TINA STEFFAN et al., | D060895 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2008-00079136-CU-PO-CTL) |
| KERRY STEFFAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald S. Prager, Judge.  Affirmed.

Kerry Steffan, in Pro. Per., for Defendant and Appellant.

Law Offices of Kenneth H. Stone, Kenneth H. Stone and Rebecca Reed for Plaintiffs and Respondents.

The court, after hearing the evidence, entered a judgment awarding compensatory and punitive damages and attorney fees against defendant Kerry Steffan (Kerry) and in favor of plaintiffs Tina Steffan, Jessica Steffan and Joshua Steffan (collectively plaintiffs).  Kerry appeals.

# I

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed an action alleging Kerry, who was married to Tina and was stepfather to Jessica and Joshua, committed numerous acts of assault and battery on them over many years, and also intentionally inflicted emotional distress on them. They also alleged that, after they obtained a restraining order to stop the abuse, Kerry violated the order and continued stalking them.

The matter was tried to the court. After hearing the testimony of plaintiffs and Kerry, the court found against Kerry and in favor of plaintiffs, and entered a judgment awarding compensatory and punitive damages and attorney fees against Kerry and in favor of plaintiffs. Kerry timely appealed.

# II

## ANALYSIS

Kerry appears to contend the trial court erred by awarding damages because the judgment was not supported by the evidence and the statute of limitations had expired on plaintiffs' causes of action. However, because Kerry has not complied with established rules for appellate briefing, we conclude he has waived or forfeited his contentions.

A trial court's judgment or order is presumed to be correct. In *Denham v. Superior Court* (1970) 2 Cal.3d 557, the court stated:

> "[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown [by the appellant]. This is not only a

general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Id*. at p. 564.)

"The burden of affirmatively demonstrating error is on the appellant." (*Fundamental Investment etc. Realty Fund v. Gradow* (1994) 28 Cal.App.4th 966, 971.) "An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. 'Issues do not have a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived.' [Citation.] It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.)

"Where a point is merely asserted by [appellant] without any [substantive] argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion." (*People v. Ham* (1970) 7 Cal.App.3d 768, 783, disapproved on another ground in *People v. Compton* (1971) 6 Cal.3d 55, 60, fn. 3; see also *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700 ["[w]hen an issue is unsupported by pertinent or cognizable legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary"]; *Ochoa v. Pacific Gas & Electric Co.* (1998) 61 Cal.App.4th 1480, 1488, fn. 3 [contention was deemed waived because "[a]ppellant did not formulate a coherent legal argument nor did she cite any supporting authority"]; *Colores v. Board of Trustees* (2003) 105 Cal.App.4th 1293, 1301, fn. 2

3

["[t]he dearth of true legal analysis in her appellate briefs amounts to a waiver of the [contention] and we treat it as such"]; *Bayside Auto & Truck Sales, Inc. v. Department of Transportation* (1993) 21 Cal.App.4th 561, 571.) An appellant acting in propria persona is held to the same standards as those represented by counsel. (See, e.g., *City of Los Angeles v. Glair* (2007) 153 Cal.App.4th 813, 819.)

We conclude Kerry has waived his appellate contentions because he has not presented any coherent, substantive arguments or analyses, supported by citations to the record and legal authorities, showing the trial court erred by finding some or all of the causes of action were filed within the applicable limitations period. To the extent Kerry attempts to make other contentions on appeal, his briefing is incoherent and incomprehensible and we cannot discern their substance. The only other appellate claim that approaches coherence is an apparent claim that there was no evidence to support the judgment. However, that claim is waived because Kerry has not provided this court with a reporter's transcript. (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 668, p. 739.) Accordingly, we need not discuss the merits of each contention and conclude Kerry has waived his appellate contentions. (*Benach v. County of Los Angeles, supra,* 149 Cal.App.4th at p. 852; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99; *Landry v. Berryessa Union School Dist., supra,* 39 Cal.App.4th at pp. 699-700; *Ochoa v. Pacific Gas & Electric Co., supra,* 61 Cal.App.4th at p. 1488, fn. 3; *Colores v. Board of Trustees, supra,* 105 Cal.App.4th at p. 1301, fn. 2 ; *Bayside Auto & Truck Sales, Inc. v. Department of Transportation, supra,* 21 Cal.App.4th at p. 571; cf. *In re Marriage of*

4

*Green* (1989) 213 Cal.App.3d 14, 29 ["[f]rom the point of view of grammar and syntax as well as logic, [appellant's] briefs are almost impenetrable"].).)

We further note Kerry's opening brief contains a rambling statement of facts supported by almost no citations to the record on appeal, violating California Rules of Court, rule 8.204(a)(2)(C). Statements of fact not part of, nor supported by citations to, the record on appeal are improper and cannot be considered on appeal (*ibid.*; *Pulver v. Avco Financial Services* (1986) 182 Cal.App.3d 622, 632; *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625), and we disregard any statements of fact set forth in Kerry's brief that are outside of the record on appeal. (*Pulver*, at p. 632; *Kendall*, at p. 625; *Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 481, fn. 1.) Furthermore, to the extent his assertions of fact and procedure ostensibly refer to matters within the record on appeal, his brief does *not* contain adequate citations to the appellate record in violation of California Rules of Court, rule 8.204(a)(1)(C).

As in *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, at page 1246, Kerry's brief is, in large part, "devoid of citations to the [record on appeal] and [is] thus in dramatic noncompliance with appellate procedures." "It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations." (*Bernard v. Hartford Fire Ins. Co.* (1991) 226 Cal.App.3d 1203, 1205.) "If a party fails to support an argument with the necessary citations to the record, that portion of the brief may be stricken and the argument deemed to have been waived." (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856; see also *City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239; *Guthrey v. State of California*

5

(1998) 63 Cal.App.4th 1108, 1115.)  To the extent Kerry's contentions do not contain adequate supporting citations to the record on appeal, we consider those contentions to have been waived.  (*Nwosu*, at p. 1247; *City of Lincoln*, at p. 1239; *Duarte*, at p. 856; *Guthrey*, at p. 1115.)

In any event, assuming arguendo Kerry has not waived his appellate contentions, we conclude his appellate arguments are so incoherent, incomprehensible, vague and conclusory that he has not carried his burden on appeal to present *persuasive* substantive argument and analysis showing the trial court prejudicially erred.  (*Denham v. Superior Court, supra,* 2 Cal.3d at p. 564; *Paterno v. State of California* (1999) 74 Cal.App.4th 68, 105 [conclusory claims did not persuade appellate court].)  Kerry's obligations to present legal analysis and relevant supporting authority for each point asserted with appropriate citations to the record on appeal, and to support references to the record with a citation to the volume and page number in the record where the matter appears, are not merely technical requirements.  Instead, these are important rules of appellate procedure designed to alleviate the burden on the court by requiring litigants to present their cause systematically, so that the court "may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass."  (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325.)

The incomprehensible nature of Kerry's brief makes it impossible for this court to discern what precise errors he is claiming were made by the trial judge, and how any errors were prejudicial, and we are not required to search the record on our own seeking error.  (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)  Indeed, as another

6

court observed in describing a similarly incomprehensible brief, the brief filed by Kerry "is strongly reminiscent of those magazine puzzles of yesteryear where the reader was challenged to 'guess what is wrong with this picture.' " (*People v. Dougherty* (1982) 138 Cal.App.3d 278, 280.) Kerry's in propria persona status may explain the deficiencies in his briefs but does not excuse them. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "]; *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.)

## DISPOSITION

The judgment is affirmed. Plaintiffs are entitled to costs on appeal.

McDONALD, J.

WE CONCUR:

NARES, Acting P. J.

O'ROURKE, J.