Filed 2/22/16  Missud v. Armendariz CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| PATRICK A. MISSUD,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>LUCY ARMENDARIZ et al.,<br><br>        Defendants and Respondents. | A144527<br><br>(San Francisco City & County<br>Super. Ct. Nos. CGC-13-533811,<br>CGC-14-536981) |

Patrick A. Missud (appellant) filed a notice of appeal on March 11, 2015, purporting to appeal from a judgment of dismissal after an order sustaining a demurrer, and a judgment made under Code of Civil Procedure section 904.1, subdivision (a). However, the order attached to appellant's notice of appeal is one signed by the trial court on March 6 and filed on March 10, 2015, following issuance of an order to show cause in the underlying case (San Francisco Superior Court Case No. CGC-14-536981) dismissing said case as a terminating sanction under Code of Civil Procedure section 583.150.

Appellant's "Civil Case Information Sheet" filed with this court in connection with this appeal references three additional and separate orders:  The first order attached to the sheet was signed on January 9 and filed on January 14, 2015, imposing monetary sanctions on appellant in the amount of $500 following the issuance of a order to show cause filed on December 10, 2014.  The second order also was signed on January 9 and filed on January 14, 2015, and orders appellant to pay respondents' attorney fees in the amount of $5,240, pursuant to Code of Civil Procedure section 425.16, subdivision (c).

1

The third order, signed on March 6 and filed on March 10, 2015, denies appellant's motions to reconsider the two January 9, 2015 orders mentioned above.[1]

First, no judgment is attached to these documents, and there is no indication that a judgment has been issued. Interlocutory orders are not appealable. (*Kinoshita v. Horio* (1986) 186 Cal.App.3d 959, 962-963; *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 560; Code Civ. Proc., § 904.1.) Therefore, appellant may not appeal from any of these orders.[2]

In addition, appellant's briefs present an unintelligible compilation of disjointed historical facts, accusations, some of them profane, and claims which fail to comply with many fundamental rules of appellate procedure. Those deficiencies include the failure to: (1) present legal analysis and relevant supporting authority for each point asserted, with appropriate citations to the record on appeal (*Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856); (2) support references to the record with a citation to the volume and page number in the record where the matter appears; and (3) state the nature of the action, the relief sought in the trial court, and to summarize the significant facts, but limited to matters in the record (Cal. Rules of Court, rule 8.204(a)(1)(C), (2)(A), (C)).

These are not mere technical requirements, but important rules of appellate procedure designed to alleviate the burden on the court by requiring litigants to present their cause systematically, so that the court "may be advised, as [it] read[s], of the exact question under consideration, instead of being compelled to extricate it from the mass." (*Landa v. Steinberg* (1932) 126 Cal.App. 324, 325.)

---

[1] The reporter's transcript of the January 9 hearing appears as part of the record on appeal. We note that, in addition to the clerk's and reporters' transcripts relating to the challenged orders, appellant has presented other documents and pleading to this court without a sufficient showing that the materials were part of the record below, or relevant to the apparent issues involved in this appeal. In each such instance, the documents and pleadings have not been filed.

[2] An appeal from the grant or denial of a motion dismiss under the anti-SLAPP statute is appealable. (Code Civ. Proc., § 425.16, subd. (i).)

Perhaps most importantly, the incomprehensible nature of appellant's briefs makes it impossible for this court to discern what precise errors he is claiming were made by the trial judge, and how such errors were prejudicial. We are not required to search the record on our own seeking error. (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.)

We note that appellant appears before us in propria persona.[3] His unrepresented status in no way excuses the deficiencies in his briefs. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "].) Appellant's self-represented status does not exempt him from the rules of appellate procedure or relieve him of his burden on appeal. Those representing themselves are afforded no additional leniency or immunity from the rules of appellate procedure simply because of their in propria persona status. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) These deficiencies are a separate and independent basis requiring the dismissal of the current appeal.

## DISPOSITION

The orders challenged are affirmed.

---

[3] Appellant was a licensed attorney in California from 2002 until his disbarment by the California Supreme Court in 2014.

_____

RUVOLO, P. J.

We concur:


_____

REARDON, J.


_____

STREETER, J.