Filed 12/15/20 Childress v. Barnes CA1/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| ARMALINE CHILDRESS,<br><br>       Plaintiff,<br><br>v.<br><br>TURELL BARNES,<br><br>       Defendant,<br><br>LATONYA R. FINLEY,<br><br>       Third Party Claimant<br>and Appellant. | A159217<br><br>(Alameda County<br>Super. Ct. No. RG10552492) |

### MEMORANDUM OPINION[1]

According to appellant's notice of appeal she is appealing from an order denying a "Motion for Disbursement of Funds."  The best we are able to make out from appellant's two-page opening brief (no respondent's brief was filed) is that a property was sold and appellant claimed entitlement to some or all of the proceeds.

Appellant's brief has three headings.  The first, "Questions Presented," precedes six generic questions, all of which pertain to conduct by a referee.  For example, "Can a court appointed referee go beyond the scope of his

_____

[1] This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

1

fiduciary duties without court approval?" "Is a referee entitled to fees that exceeds [*sic*] the statutory laws?" (Boldface & capitalization omitted.) The second heading, "Introduction," is followed by four paragraphs of assertions ranging from an accusation that one "Eugene [Schneider] impaired the interest[ed] party's ability to challenge or object [to] any court filing that was beneficial to the interest[ed] parties in whole," to an assertion that "[w]henever a law deprives the owner of the beneficial use and free enjoyment of his/her property . . . without legal process or compensation, it deprives him/her of his/her property within the meaning of the constitution." (Boldface & capitalization omitted.) The third heading, "Statement of Issues," precedes a single paragraph of disparate assertions, including that the "court acted in excess of jurisdiction," the court failed to dismiss the action "for not being brought to trial within five years after commencement," the "real property was sold in the name of the referee (Phillip Campbell) and not the name of the owner(s) of record," and the "judgment or order obtained, contained fraud, conspiracy and/or misrepresentation in the petition or account or in the judgment as to the material fact, Probate Code, § 240." (Boldface & capitalization omitted.)

The opening brief does not identify or describe the order being appealed. The order is, however, attached to appellant's notice of appeal. But other than stating "Third Party Claimant LaTonya Finley's Motion for Disbursement of Funds is DENIED," the order says nothing about the substance of the motion or the reasons for the court's ruling.

The opening brief also does not describe or provide record citations to the relevant court filings and documents pertaining to the challenged order. Nor does it provide any cogent analysis, supported by relevant authorities, as to why the challenged order is incorrect.

2

In short, the opening brief is a cursory and disjointed amalgam of some apparent historical facts and assorted issues—as perceived by appellant—but does not provide us with any assistance in understanding the genesis of the ruling to which appellant takes exception or assessing whether that ruling was erroneous or an abuse of discretion.

As such, the opening brief violates a number of the California Rules of Court, including the failure to: (1) state the nature of the action, the relief sought in the trial court, and to summarize the significant facts, but limited to matters in the record; (2) support references to the record with a citation to the volume and page number in the record where the matter appears; and (3) present legal analysis and relevant supporting authority for each point asserted, with appropriate citations to the record on appeal. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C), (2)(A), (C)).

It is an appellant's burden to show that a trial court's ruling is incorrect "by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655.) " ' "An appellate court cannot assume the task of discovering the error in a ruling and it is the duty of counsel by argument and the citation of authority to show the reasons why the rulings complained of are erroneous. Contentions supported neither by argument nor by citation of authority are deemed to be without foundation and to have been abandoned." ' " (*In re Phoenix* (2009) 47 Cal.4th 835, 845.) "This rule is 'designed to lighten the labors of the appellate tribunals by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be

3

advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass.' " (*Keyes v. Bowen,* at p. 656.)

We appreciate that appellant appears before us in propria persona. But her unrepresented status does not excuse the deficiencies in her brief. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "].) Those representing themselves are afforded no additional leniency or immunity from the rules of appellate procedure simply because of their self-represented status. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

It is a "well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348; accord *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 ["It is the appellant's affirmative duty to show error by an adequate record"].) Thus, we must presume the probate court's ruling is correct, as appellant has not demonstrated otherwise given the profound shortcomings in her opening brief we have discussed above.

## DISPOSITION

The December 6, 2019 order of the probate court is AFFIRMED.

_____

Banke, J.

We concur:

_____

Humes, P.J.

_____

Margulies, J.

A159217, Childress v. Barnes