Filed 8/21/14  Udi v. Fein et al. CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MEIR UDI,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>WILLIAM FEIN, YORI OLEYNIKOV,<br>and EYE SURGERY CENTER OF<br>BEVERLY HILLS,<br><br>    Defendants and Respondents. | B249321<br><br>(Los Angeles County<br>Super. Ct. No. SC113746) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Norman P. Tarle, Judge.  Dismissed in part; affirmed in part.

Meir Udi, in pro. per for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith LLP, Jeffry A. Miller, Arezoo Jamshidi and Howard Slavin for Defendants and Respondents William Fein and Yori Oleynikov.

Fonda & Fraser, LLP, John Aitelli and Daniel K. Dik for Defendant and Respondent Eye Surgery Center of Beverly Hills.


\* \* \* \* \* \*


1

In this medical malpractice action, appellant, Meir Udi, challenges the trial court's rulings granting and then refusing to set aside a summary judgment entered in favor of respondent, Eye Surgery Center of Beverly Hills. The trial court granted summary judgment, for among other reasons, appellant's failure to present expert testimony refuting moving party's evidence that it complied with the standard of care and that there was no evidence that it caused or contributed to appellant's alleged damages. Appellant also challenges the trial court's rulings dismissing the remaining parties to the action, respondents William Fein, M.D. and Yori Oleynikov, M.D., Ph.D., after appellant failed to designate an expert witness.

We conclude that the appeal from the summary judgment is untimely and must be dismissed. We affirm the trial court's rulings in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

Although appellant has filed a number of documents in the Appellant's Appendix, his opening brief contains very few facts, record citations or legal argument concerning the trial court's actual rulings. After respondents argued in their respective briefs that appellant's opening brief was deficient, appellant filed a reply brief, which raised additional and/or new factual and legal matters.

The following facts are taken from Eye Surgery Center's unopposed statement of undisputed facts filed in connection with the summary judgment motion. Appellant's medical records reflected that he visited Dr. Fein's office on June 3, 2010. On that date, appellant reported that he had trouble reading. He also reported that he suffered from blurred vision, flashes of light and decreased vision. Appellant indicated that he had previously undergone laser surgery on his right eye and surgery to repair a detached retina in his left eye.

Appellant was seen by Dr. Fein and Dr. Oleynikov. During the examination, it was noted in appellant's medical records that he had undergone retinal detachment repair in the left eye and laser surgery in the right eye. With respect to the left eye, appellant complained of flashing lights, a cataract, and a dark spot. The visual acuity for his right eye, with correction, was 20/400, pinhole to 20/300. The visual acuity for appellant's left

2

eye, without correction, was 20/CF at 6". His intraocular pressure was 21 for the right eye, 41 for the left eye. On slit lamp examination, appellant had, among other things, a dense opacity in the lens of his left eye.

The impressions of Drs. Fein and Oleynikov were: (1) cataract, left eye; (2) glare, left eye; (3) high intraocular pressure, both eyes; and (4) status post-retinal detachment, left eye. The doctors recommended that appellant undergo cataract surgery, left eye. They discussed the risks, expected results, alternatives. Appellant "'seemed to understand [and] requested surgery.'"

On June 10, 2010, Dr. Oleynikov completed a document on which he noted appellant was scheduled for surgery on July 15, 2010. Dr. Oleynikov noted that appellant had suffered from decreased vision in the left eye for the past two years. Eye surgery was planned because appellant's current level of vision interfered with his ability to "'see well enough to move and to move with safety at home and outdoors.'"

The surgery was rescheduled for August 5, 2010, at which time Dr. Oleynikov performed phacoemulsification and cataract extraction from appellant's left eye with intraocular lens placement. The surgical procedure, which was observed by Dr. Fein, was performed without incident and appellant was discharged home.

On August 12, 2010, appellant was seen by Dr. Fein, reporting that he was "'seeing a little better.'" At that time, the visual acuity in his left eye without correction was 20/400. Appellant's left eye intraocular pressure was 25. On slit lamp examination, Dr. Fein noted posterior capsule central opacity. Accordingly, he recommended that appellant continue using Omnipred and start using Travatan Z in his left eye. Appellant was instructed to return in one week.

On August 19, 2010, appellant was again seen by Dr. Fein. The visual acuity in his left eye, without correction, was 20/300 at that time. The intraocular pressure in his left eye was 17. On slit lamp examination, Dr. Fein again noted posterior capsule opacity. Dr. Fein then referred appellant to Dr. Oleynikov for a laser treatment to the left eye. Appellant, however, never returned to see either Dr. Fein or Dr. Oleynikov.

3

**The Complaint**

Appellant filed his negligence complaint on August 10, 2011. The complaint alleged that appellant suffered permanent injuries to his left eye as a result of respondents' negligence in the 2010 surgical procedures. Appellant further alleged that respondents falsely represented that they had extensive experience in eye surgery and that the surgery was very easy and guaranteed to be successful. Respondents failed to obtain appellant's informed consent prior to surgery and failed to inform appellant of the risks of the surgery. The trial court overruled Eye Surgery Center's demurrer to the complaint (which was joined by respondents, Fein and Oleynikova) on the ground that it stated a claim for professional negligence.

**The Summary Judgment Motion**

After answering the complaint, Eye Surgery Center filed a summary judgment motion on July 5, 2012. Eye Surgery Center asserted summary judgment was appropriate because appellant would not be able to prove either the standard of care was breached or causation. In support of the motion, Eye Surgery Center provided an expert declaration by Roger F. Steinert, M.D., a board-certified ophthalmologist and Professor and Chairman of Ophthalmology at the University of California, Irvine School of Medicine. Based on a review of appellant's medical records, the expert opined that: Eye Surgery Center's employees acted within the standard of care in the community for employees of a surgical center; Drs. Fein and Oleynikov acted within the standard of care in the community for ophthalmologists; and respondents did not cause or contribute to appellant's alleged injuries.

The summary judgment motion was originally set for hearing on January 3, 2013. However, the trial court advanced the hearing to October 25, 2012. Appellant did not file an opposition to the summary judgment motion until the day of the hearing. The late opposition did not contain a separate statement of disputed facts. Instead, the opposition contains factual statements about appellant's eye treatments that predate and postdate the treatments at issue in this case.

4

In granting the summary judgment, the trial court indicated it had considered the late opposition but it did not address the issues raised in the motion.[1] The trial court concluded that summary judgment was appropriate because expert testimony was required to establish both the standard of skill, knowledge and care prevailing in the medical community and that there was a breach of that standard. Eye Surgery Center presented evidence that it complied with the applicable standard of care at all times and no act on its part caused or contributed to appellant's alleged damages. Appellant's failure to produce any expert evidence to refute moving party's evidence was fatal to the medical malpractice claim.

On October 25, 2012, the trial court entered an order granting the summary judgment as well as a judgment in favor of Eye Surgery Center. Eye Surgery Center served a notice of entry of judgment on October 25, 2012.

**The Motion in Limine and Dismissal of the Remaining Defendants**

Trial was scheduled for April 15, 2013. On January 23, 2013, Drs. Fein and Oleynikov served appellant with a demand for exchange of expert witness information pursuant to Code of Civil Procedure, section 2034.220 et seq.[2] In March 2013, after appellant failed to respond to the demand, Drs. Fein and Oleynikov moved in limine to preclude appellant from calling any physician or expert to render a medical opinion during the trial.

On March 8, 2013, appellant notified Eye Surgery Center of his intent to seek ex parte relief to continue the trial against the remaining parties and to seek a rehearing on the summary judgment motion. The ex parte hearing was noticed for 8:30 a.m. on March 11, 2013. Due to appellant's failure to make a timely appearance at the hearing, appellant was required to bring a second ex parte application for reconsideration of the summary

---

[1]    Appellant did not provide a reporter's transcript of the hearing on the summary judgment motion or the motion to set aside the summary judgment.

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

5

judgment motion and to continue the trial on March 13, 2013. The trial court denied the March 13, 2013 ex parte application.

On April 4, 2013, appellant filed another ex parte application to continue the trial for 60 to 90 days on the ground he had been ill and taking medication since February 26, 2013. The ex parte application also stated appellant had talked to some attorneys who became busy during the Passover Holiday.

On April 9, 2013, the trial court considered the ex parte application and the motion in limine to preclude expert testimony at trial. The notice of ruling states that the trial court advised appellant during several court appearances of the need to retain an attorney. The court noted that the action had been filed in August 2011. Appellant had failed to submit any of the required trial documents and had failed to obtain and identify an expert witness. The trial court concluded that appellant failed to establish good cause for continuing the trial.

In addition, the trial court noted that Eye Surgery Center's summary judgment motion was granted because appellant failed to produce an expert witness to refute the defense in October 2012. Thereafter, Drs. Fein and Oleynikov served a timely demand to exchange expert witness information but appellant provided no response. The trial court then granted the motion in limine to preclude appellant from presenting expert testimony at trial pursuant to sections 2034.260 and 2034.300. The trial court concluded that the action should be dismissed because expert testimony was required to prove the claims against the ophthalmologists for alleged negligence.

**The Motion to Set Aside the Summary Judgment**

On April 25, 2013, appellant filed a motion to set aside the summary judgment pursuant to section 473. Appellant claimed he was entitled to relief because of: his eyesight; the fact that English is not his native language; his limited legal knowledge; the amount of documents served by Eye Surgery Center's counsel; and his inability to retain counsel. He also argued Eye Surgery Center introduced falsified records in support of the summary judgment motion concerning his medical status and the treatment that was rendered. Appellant filed a declaration in which he stated that he had not been able to file

6

timely opposition due to efforts to correct his vision here and in Florida. In addition, the trial court advanced the hearing on the summary judgment motion from January 2013 to October 2012.

Appellant attached to the motion to set aside the summary judgment three documents from East Valley Eye Center. The first document, signed by Kourosh Eghbali, M.D., and dated October 23, 2012, is a letter. It indicates that Dr. Eghbali had been seeing appellant in his office since August 4, 2008. Appellant had a retina hole repair in his right eye and retina detachment repair in his left eye by a retina specialist. Appellant subsequently developed a cataract in his left eye. Appellant came back to Dr. Eghbali's office on August 30, 2011, after having cataract surgery in his left eye. The vision in the left eye was 20/150, but this was with a contact lens of +8.00 sphere. Because refraction in the right eye was 17.00 and the left eye was +8.00, appellant would not tolerate glasses and needed contact lenses. Appellant had additional lens implant surgery in the left eye on April 2, 2012.

The second document is dated March 6, 2013, and is also signed by Dr. Eghbali with a declaration that the statement is true to the best of his knowledge. The letter reiterates that appellant had been his patient since August 2008. The letter also reiterated appellant's diagnosis and treatment in August 2008. But, Dr. Eghbali adds that appellant had a contact lens fitting in October 2008, at which time he did not have any "major cataract in his left eye." Appellant did have flashes of light in his right eye before the treatment. However, after closure of the hole, he had no more flashes or light in his right eye. Appellant then had a retina detachment in his left eye, which was repaired in June 2009. Appellant subsequently had cataract surgery in his left eye by an ophthalmologist and then intra-ocular lens exchange by another surgeon.

The third document, dated April 15, 2013, is entitled "declaration" and signed as true within the best of Dr. Eghbali's knowledge. It restates the information in the first two letters. The third document adds that, after the cataract surgery on appellant's left eye, he was left "with using a +8.00 contact lens in order to see better." Appellant then needed an intra-ocular lens exchange by another surgeon to correct his vision.

7

Eye Surgery Center filed opposition to the motion to set aside the judgment. Eye Surgery Center argued appellant's declarations were not signed under penalty of perjury as required by section 2015.5. The mandatory relief provision in section 473 does not include relief for failing to oppose a summary judgment motion. In order to obtain relief, appellant was required to show what evidence would have been offered in opposition to the summary judgment motion. In this case, it would have been competent medical expert evidence that there was a breach of the standard of care and resulting injury. The trial court gave appellant notice the hearing date had been advanced and appellant had over 75 days to file a timely opposition.

Eye Surgery Center noted that Dr. Eghbali did not declare that respondents' treatment of appellant fell below the standard of care or that they caused appellant's injuries. In addition, the claim that Eye Surgery Center relied on falsified evidence lacks merit because the information was taken from appellant's medical records. And, appellant did nothing to protect himself from claimed intrinsic fraud. Filing a timely opposition would have protected appellant from any alleged intrinsic fraud.

The trial court denied the motion to set aside the judgment. The court determined appellant failed to produce sufficient admissible evidence to establish fraud, extrinsic mistake, or that appellant had the ability to produce admissible evidence to substantiate the claim respondent's treatment fell below the applicable standard of care.

**The Notice of Appeal**

On June 7, 2013, appellant filed a notice of appeal. The notice of appeal states that the appeal is from orders on October 25, 2012 [2013, *sic*] (summary judgment), April 9, 2013 (dismissal of the lawsuit) , and June 4, 2013 (denial of the motion to vacate). Appellant checked boxes indicating the appeal was from judgments entered "after an order granting a summary judgment motion" as well as a dismissal.

**DISCUSSION**

**I. Appellant's Opening and Reply Briefs**

As previously noted, appellant's opening brief contains very few facts, record citations or legal arguments. "When an issue is unsupported by pertinent or cognizable

8

legal argument it may be deemed abandoned and discussion by the reviewing court is unnecessary. [Citations.]" (*Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.) We will not develop appellant's arguments because it is not our function to search the record to determine whether it contains support for appellant's assertions of error. (Cal. Rules of Court, rule 8.204(a)(1)(B)[3]; *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368; *Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007.)

We also noted previously that the reply brief raised additional factual and legal matters. It is well established that an appellate court will generally not consider points raised for the time in a reply brief. (*West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 799; *Consumer Advocates v. Echostar Satellite Corp.* (2003) 113 Cal.App.4th 1351, 1358-1359, fn. 2; *Malmstrom v. Kaiser Aluminum & Chemical Corp.* (1986) 187 Cal.App.3d 299, 320.) Appellate courts "will not consider points raised for the first time in a reply brief for the obvious reason that opposing counsel has not been given the opportunity to address those points." (*REO Broadcasting Consultants v. Martin* (1999) 69 Cal.App.4th 489, 500.) The rule prohibiting consideration of issues raised for the first time in the reply brief applies to pro se litigants because a party choosing self-representation is not entitled to any greater consideration than other litigants and attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985.) "Under the law, a party may choose to act as his or her own attorney. [Citations.] '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.) A pro. per litigant is "held to the same restrictive procedural rules as an attorney." (*Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 193.)

Here, appellant waited to raise his substantive arguments until he filed the reply brief. However, appellant like any other litigant is bound by procedural rules which

---

[3]     Unspecified references to rules are to the California Rules of Court.

required him to raise the pertinent issues in the opening brief, with appropriate record and legal citations.

In addition to raising a substantial number of matters in the reply brief, appellant attached a number of documents to the reply brief without argument or analysis showing their pertinence to the appeal. The attachments in the reply brief are impermissible because appellant failed to follow applicable procedural rules by either requesting judicial notice of the documents (Evid. Code, §§ 452, 459; rule 8.252; *Huitt v. Southern California Gas Co.* (2010) 188 Cal.App.4th 1586, 1605, fn. 10) or by filing a request to augment the record on appeal (rule 8.155; *People v. Preslie* (1977) 70 Cal.App.3d 486, 491). Furthermore, because the documents are not presented with any context, there is no indication that they were ever presented in the trial court so we do not consider them. (See *Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325.)

## II.  The Summary Judgment

As a preliminary matter, Eye Surgery Center asserts that the notice of appeal is either unclear as to whether the appeal is from the October 25, 2012 judgment, or the June 2013 order denying the motion to vacate. The notice of appeal states that the appeal was from an order granting a summary judgment. In addition, the notice of appeal cites the date the trial court denied the motion to vacate the summary judgment. Appellant argues in the appeal that the trial court should have granted the motion to set aside the judgment. He also argues the trial court erred in granting the summary judgment motion because triable issues of material fact existed. Thus, it appears that appellant is seeking review both of the order denying his motion to set aside the summary judgment and the ruling on the summary judgment.

Eye Surgery Center asserts that an appeal from the October 25, 2012 judgment in its favor is untimely. Rule 8.104 requires an appeal to be filed on or before the earliest of: 60 days after service by the court clerk or a party of notice of entry of judgment or 180 days after entry of the appealable order. "[T]he filing of a timely notice of appeal is a jurisdictional prerequisite. 'Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the

10

merits of the appeal and must dismiss the appeal.' [Citations.] The purpose of this requirement is to promote the finality of judgments by forcing the losing party to take an appeal expeditiously or not at all.' [Citation.]" (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113; see also *In re Chavez* (2003) 30 Cal.4th 643, 650; *Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 666–674.)

However, rule 8.108(c) extends the time to file the notice of appeal if a motion to vacate the judgment is filed within the time prescribed by rule 8.104. Rule 8.108(c) provides: "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move--or a valid motion--to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk or a party serves, an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move--or motion--is filed; or [¶] (3) 180 days after entry of judgment."

Here, judgment on the summary judgment was entered on October 25, 2012. The appellant's appendix shows that Eye Surgery Center filed a notice of entry of judgment on appellant on the same date. Appellant, thus, had 60 days from that date to file a notice of appeal or a motion to vacate. The 60th day from October 25, 2012 was December 24, 2012. Although appellant filed a motion to vacate the judgment, it was not filed until March 2013 when appellant made his ex parte applications. The notice of appeal was not filed until June 7, 2013. Eye Surgery Center is correct that the appeal from the summary judgment is untimely because it was filed well after the 60-day time limit had expired. Accordingly, any purported appeal from the summary judgment must be dismissed. (*Silverbrand v. County of Los Angeles*, *supra*, 46 Cal.4th at p. 113; *In re Chavez*, *supra*, 30 Cal.4th at p. 650.)

However, the appeal from the June 4, 2013, order denying the motion to vacate the summary judgment is timely because the notice of appeal was filed on June 7, 2013. Therefore, we consider whether the trial court's ruling denying the motion to set aside the summary judgment under section 473 should be reversed.

11

## III. The Section 473 Motion

Appellant claims his section 473 motion to set aside the summary judgment should have been granted. Appellant contended he was entitled to relief because: opposing counsel took advantage of appellant's vision problems; English is not appellant's native language; he was mistaken about the time required to respond to the summary judgment motion given that opposing counsel inundated him with paper; and opposing counsel introduced false documents about appellant's treatment and his medical condition at the time of the surgery.

Section 473, subdivision (b) provides in part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . ."

We review the trial court's determinations under section 473 for an abuse of discretion.[4] (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257; *Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 230.) "'A ruling

---

[4]    Section 473, subdivision (b) also contains a mandatory relief provision, which applies when a default or default judgment has been taken against a client and the attorney files a sworn affidavit attesting to mistake, inadvertence, surprise or neglect. (*Wagner v. Wagner* (2008) 162 Cal.App.4th 249, 258.) However, the mandatory provision does not apply to summary judgments. (*Prieto v. Loyola Marymount University* (2005) 132 Cal.App.4th 290, 294-297 [mandatory provision is limited to narrow classes of cases where a default judgment had been entered and does not apply to summary judgments]; *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 137-138 [failure to oppose a summary judgment on the merits based solely on claim of necessity of additional discovery is not a dismissal within the meaning of section 473]; compare *Avila v. Chua* (1997) 57 Cal.App.4th 860, 868 [mandatory provision applied to judgment entered after untimely opposition to a summary judgment had been stricken].)

12

on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.' [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc., supra,* 28 Cal.4th at p. 257.)

Here, after failing to produce the requisite expert testimony in response to the summary judgment motion, appellant sought relief under section 473 arguing that he was not afforded an opportunity to appropriately oppose the summary judgment motion. It should be noted, that before ruling on the summary judgment motion, the trial court actually indicated that it had considered appellant's late filed opposition. However, the late filed opposition did not change the trial court's ruling that respondent was entitled to summary judgment due to appellant's failure to produce expert evidence.

Appellant filed his motion to set aside the summary judgment in March 2013, which was five months after the motion was granted. As previously noted, the trial court granted summary judgment after appellant failed to produce expert evidence which refuted Eye Surgery Center's expert evidence that the surgery complied with community standards and that appellant was not injured as a result of the surgery. A medical malpractice claim is not viable without expert testimony, which establishes the appropriate standard of care. (*Selden v. Dinner* (1993) 17 Cal.App.4th 166, 174.) "'The standard of care against which the acts of a physician are to be measured is a matter peculiarly within the knowledge of experts; it presents the basic issue in a malpractice action and can only be proved by their testimony [citations], unless the conduct required by the particular circumstances is within the common knowledge of the layman.' [Citations.]" (*Landeros v. Flood* (1976) 17 Cal.3d 399, 410.) Furthermore, "'California courts have incorporated the expert evidence requirement into their standard for summary judgment in medical malpractice cases. When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence.' [Citations.]" (*Munro v. Regents of University of California* (1989) 215 Cal.App.3d 977, 984-985.)

13

Appellant produced no expert evidence to refute the summary judgment motion. Furthermore, although appellant's section 473 motion raised a number of issues, he did not address the dispositive issue in the case i.e. why he did not provide expert evidence to defend against the summary judgment motion. "Section 473 cannot be used to remedy attorney mistakes, such as the failure to provide sufficient evidence in opposition to a summary judgment motion. [Citation.] 'There is nothing in section 473 to suggest it "was intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal."' [Citation.] Counsel's failure to understand the type of response required or to anticipate which arguments would be found persuasive does not warrant relief under section 473. [Citation.]" (*Wiz Technology, Inc. v. Coopers & Lybrand* (2003) 106 Cal.App.4th 1, 17.)

Here, appellant could not have been surprised or mistaken by the need for an expert witness to establish his case because that was the ground on which the summary judgment was made. There is nothing in the record to suggest that appellant requested additional time to produce expert testimony prior to the summary judgment. Furthermore, although appellant had five months between the time the judgment was entered and when he filed the motion for relief, appellant never claimed that he was capable of producing an expert. Instead, appellant included various statements and documents by Dr. Eghbali in seeking to set aside the summary judgment. However, Dr. Ehgbali's statements/declarations do not purport to establish either the standard of care in this case or that respondents injured appellant.

Appellant is also incorrect in his assertions that the medical records were based upon deceptive and fraudulent statements about his medical treatment and condition. The claim that false statements were made in the summary judgment motion is one of intrinsic fraud. "Fraud is intrinsic and not a valid ground for setting aside a judgment when the party has been given notice of the action and has had an opportunity to present his case and to protect himself from any mistake or fraud of his adversary, but has unreasonably neglected to do so." (*Heyman v. Franchise Mortgage Acceptance Corp.* (2003) 107 Cal.App.4th 921, 926.) Appellant could easily have addressed these issues by providing

14

admissible evidence to refute the evidence proffered in support of the summary judgment motion.

In addition, the trial court implicitly rejected appellant's claims he was entitled to relief based on his eyesight, language and the amount of paperwork served on him during the litigation of his complaint. These claims appear to be predicated on the theory that his self-representation constituted excusable neglect justifying relief under section 473, subdivision (b). However, appellant's decision to represent himself is not excusable neglect within the meaning of section 473, subdivision (b). (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267-1268.) Appellant had the opportunity to present any arguments or evidence to the court to defeat the summary judgment motion; and we cannot conclude that the trial court abused its discretion in this case. Furthermore, appellant did not provide a reporter's transcript from the hearing, therefore, we must conclude the issues were raised and properly rejected. (*Barak v. The Quisenberry Law Firm* (2006) 135 Cal.App.4th 654, 660.)

Appellant failed to establish that he was entitled to relief under section 473 based on mistake, inadvertence, surprise or excusable neglect. The trial court did not abuse its discretion in refusing to set aside the summary judgment under section 473.

## IV. Continuance of the Trial

Without any record citation or pertinent authorities, appellant argues in the opening brief that the trial court abused its discretion in denying appellant's ex parte request for a trial continuance. The reply brief offers more argument and citations to some authorities. However, the new issues are deemed waived because they were not raised in the opening brief. (*West v. JPMorgan Chase Bank, N.A., supra*, 214 Cal.App.4th at p. 799.)

Appellant failed to establish the trial court abused its discretion in refusing to continue the trial. (*Lerma v. County of Orange* (2004) 120 Cal.App.4th 709, 714.) It appears that appellant's abuse of discretion claim is predicated on the theory that the trial court promised appellant an extension of time prior to the ex parte request. However, nothing in the record supports this claim. There is no argument or contention that an

15

extension of time would have allowed appellant to obtain the requisite medical expert needed to support his allegation that he was injured because professionals breached the standard of care.

Moreover, an examination of documents offered in support of the ex parte request does not purport to show that appellant was in the process of retaining an expert or that a continuance would have allowed him to do so. Rather, the ex parte application only stated that appellant had been ill for a number of days from a virus, was taking medication and that he talked to some attorneys who became busy during the Passover Holiday.

## V. Dismissal of the Remaining Parties

Appellant appealed from the order dismissing his lawsuit after the trial court excluded expert testimony because appellant failed to timely designate an expert witness. (§§ 2034.260 & 2034.300.) "The decision to grant relief from the failure to designate an expert witness is addressed to the sound discretion of the trial court and will not be disturbed on appeal absent a showing of manifest abuse of that discretion." (*Dickison v. Howen* (1990) 220 Cal.App.3d 1471, 1476.)

Appellant's medical malpractice action required expert testimony that the standard of care was breached because it is not a matter of common knowledge. (*Flowers v. Torrance Memorial Hospital Medical Center* (1994) 8 Cal.4th 992, 1001; *Jambazian v. Borden* (1994) 25 Cal.App.4th 836, 844.) Appellant knew that expert testimony was needed because the issue had been raised in the summary judgment motion. Thus, his failure to timely designate an expert was not reasonable. Accordingly, the trial court did not err in dismissing the action because appellant's medical malpractice claim was not viable without expert testimony to establish the appropriate standard of care. (*Landeros v. Flood*, *supra*, 17 Cal.3d at p. 410; *Selden v. Dinner, supra,* 17 Cal.App.4th at p. 174.)

## DISPOSITION

The appeal from the summary judgment is dismissed. The orders denying the

16

motion to set aside the summary judgment and dismissing the action are affirmed.

Respondents are awarded their costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J. *

FERNS

We concur:


_____, P. J.

BOREN

_____, J.

CHAVEZ

_____

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.