Filed 2/25/15  Walton v. Frost CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL JOHN WALTON,<br><br>　　　　Plaintiff and Appellant,<br><br>v.<br><br>JACK FROST,<br><br>　　　　Defendant and Respondent. | A136510<br><br>(Lake County<br>Super. Ct. No. CV407601) |

　　　　Plaintiff Michael John Walton appeals from an order denying his motion to vacate a judgment of nonsuit.  Because we conclude the trial court did not abuse its discretion in denying the motion, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

　　　　Walton sued defendant Jack Frost in propria persona (pro. per.) for fraud and trespass based on allegations that Frost deposited substantial quantities of dirt onto Walton's property in Clearlake.  As set forth in the operative complaint, Walton alleged that Frost had asked for his permission in 2007 to dump dirt onto Walton's property from an excavation on an adjacent lot.  Frost allegedly told Walton that he would spread the dirt out.  According to Walton, Frost dumped approximately thirty loads of dirt onto Walton's property.  The dirt purportedly contained substantial quantities of rock and was not spread out by Frost.  Walton asserted that Frost falsely represented he would spread the dirt out and intended to deceive Walton by concealing the fact the excavated dirt contained rock.  Walton alleged the value of his property was greatly diminished as a result of Frost's acts.

1

The matter proceeded to trial before a jury in November 2011. After Walton rested his case as plaintiff, Frost moved for nonsuit. Frost argued that Walton lacked standing to sue because the subject property had been sold on August 21, 2009, approximately ten days before Walton initially filed suit. Frost relied on trial exhibits consisting of recorded deeds showing that Walton's property, consisting of two adjoining lots, had been sold by Lake County for a total of $1,800 at a public auction. Frost also argued that the fraud claim failed as a matter of law because there was insufficient evidence to show that Walton had detrimentally relied on any representations made by him. In opposition to the motion for nonsuit, Walton asked the trial court to take judicial notice of a bankruptcy petition he filed on August 20, 2009, the day before the property was sold. He claimed the sale was void because the tax collector did not have authority to sell his property after he filed for bankruptcy.

The trial court granted the nonsuit and dismissed the jury. With regard to the bankruptcy petition, the court noted that Walton's bankruptcy presented issues that were collateral to the question of whether Walton was the owner of the property at the time he filed suit. In the court's written order granting the motion for nonsuit, the court explained that it granted the motion both because Walton lacked standing to pursue a trespass claim and because Walton had not presented sufficient evidence in support of his fraud claim to establish the element of detrimental reliance.

Following entry of judgment, Walton filed a motion for new trial. Among other things, he argued he had standing to sue as a property owner because the August 2009 sale of the property by Lake County was void as violative of the bankruptcy stay. He also contended he was entitled to pursue an action for damages even though he no longer owned the property. In addition, he argued that he had presented sufficient evidence supporting a cause of action for fraud based upon concealment. The court denied Walton's motion for new trial. In the order denying the motion, the court noted that Walton had sought judicial notice of his bankruptcy petition at the time of trial. The court's order states, in relevant part: "The court did not take judicial notice of such document because it could not ascertain the authenticity or extent of the nature or status

2

of such case. Additionally such collateral evidence does not provide the necessary proof that the property is possessed by [Walton]."

Walton appealed the judgment in case number A135342. This court dismissed the appeal involuntarily on May 14, 2012, after Walton failed to timely procure the record on appeal in compliance with the California Rules of Court.

On May 9, 2012, while the appeal in case number A135342 was still pending, Walton filed the motion giving rise to this appeal—a "motion for order relieving default" in which he requested that the court vacate the judgment of nonsuit and grant him a new trial (hereafter "motion to vacate the judgment"). He purported to base his motion to vacate the judgment on Code of Civil Procedure[1] section 473 and claimed that, as a result of a mistake, he had failed to request a continuance at the time of trial so that he could obtain a certified copy of his bankruptcy petition. He also claimed the judgment was void on the ground the court was required to give effect to the bankruptcy stay and thereby disregard the tax sale of his property.

The court denied Walton's motion to vacate the judgment. At the hearing on the motion, the court observed that Walton had made the same arguments at trial and in a motion for new trial, and that he was simply arguing that he did not anticipate something that happened at trial. The court stated: "That's not the type of thing that falls under [section] 473. If that were true, then every case would be relitigated; every judgment would be set aside under [section] 473 because you lost." According to the court, Walton's remedy was to appeal the judgment and not to ask the trial court to vacate the judgment based upon a purported "mistake" in the way Walton pursued the case at trial.

After Frost served notice of entry of the order denying Walton's motion to vacate the judgment, Walton filed a timely appeal.

---

[1]All further statutory references are to the Code of Civil Procedure.

3

1.    *Appealability*

Frost contends the court's denial of Walton's motion to vacate the judgment is not an appealable order.  We disagree.

"The denial of a motion to vacate a prior judgment or order is an order after final judgment that affects the judgment and therefore can be appealable under certain special circumstances."  (9 Witkin, Cal. Procedure (5th ed. 2008) Appeal § 197, p. 273; see Code Civ. Proc., § 904.1, subd. (a)(2).)  Such an order may be appealable if (1) there is no effective appeal from the judgment, (2) the appellant was not an original party to the action, (3) the motion to vacate is authorized by statute, or (4) the motion seeks to vacate a void judgment.  (9 Witkin, *supra*, §§ 198–201 at pp. 274–278.)

Here, Walton's motion to vacate was authorized by statute.  He based his motion on section 473, subdivision (b) of the Code of Civil Procedure, which allows a party to seek relief from a judgment taken against him or her through that party's mistake, inadvertence, surprise, or neglect, as long as the request is made within six months after the judgment was entered.  He also argued that the judgment was void.  (See Code Civ. Proc., § 473, subd. (d).)  Consequently, under the circumstances presented here, the order denying Walton's statutory motion to vacate is appealable as an order made after final judgment.  (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1265–1266 (*Burnete*).)

2.    ***No Abuse of Discretion in Denying Motion to Vacate Judgment***

Section 473, subdivision (b) provides in relevant part:  "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  "It is clearly established that '[a] motion for relief under section 473 is addressed to the sound discretion of the trial court and an appellate court will not interfere unless there is a clear showing of abuse.' "  (*Stafford v. Mach* (1998) 64 Cal.App.4th 1174, 1180.)

4

In the trial court, Walton claimed his "mistake" was in failing to ask for a continuance to permit time to present the court with a certified copy of his bankruptcy petition. He also claimed there was "surprise" because he did not know Frost would rely on the deeds to establish his lack of standing.

As the appellate court explained in *Burnete, supra,* 148 Cal.App.4th 1262, errors that a pro. per. litigant makes at trial as a result of inexperience or lack of familiarity with the law generally do not justify relief under section 473. (*Id.* at pp. 1267–1270.) In *Burnete,* the pro. per. plaintiff sought to vacate a judgment of nonsuit in a personal injury action on grounds of mistake and excusable neglect. (*Id.* at p. 1264.) The appellate court observed that the "errors" at trial resulted from the plaintiff's lack of understanding of the law. (*Id.* at p. 1267.) For example, the plaintiff was unable to present his medical expert witness because he had failed to designate an expert, and due to inexperience, he was unable to get photographs and medical records into evidence. (*Ibid.*) In affirming an order denying the motion to vacate, the appellate court noted that pro. per. litigants are held to the same standards as all other litigants and attorneys: "In other words, when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment that he or she would if represented by counsel." (*Ibid.*)

Here, as in *Burnete,* the "mistakes" Walton claims to have made at trial were largely a product of the fact that he chose to represent himself. Even if he had been represented by an attorney, the failure to request a continuance would not constitute mistake or excusable neglect sufficient to vacate the judgment. Among other things, there is no reason to believe the court would have granted a continuance request in the middle of a jury trial in order to allow Walton to secure a certified copy of his bankruptcy petition. (See *Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126 [trial continuances disfavored].) As the trial court observed at the time it denied his new trial motion, even if Walton had authenticated his bankruptcy petition, it would not have mattered. The relevant issue at trial was whether Walton owned or possessed the property at the time he filed his trespass action. The evidence before the

court confirmed that Walton did not own or possess the property. The fact that Walton filed a bankruptcy petition before the sale of the property did not establish that he owned the property. At most, it suggested he might have had legal grounds to challenge the sale in an action against Lake County, which is not a party to this lawsuit. But the mere fact Walton may have had some basis to challenge the sale in a collateral action against Lake County does not alter the conclusion that Walton did not own the property at the time he filed suit.[2] Walton's failure to request a continuance at trial is not the kind of mistake or excusable neglect that section 473 was designed to remedy.

On appeal, Walton focuses on two issues, neither of which bears upon whether the judgment should be vacated under section 473 as a result of his mistake or excusable neglect. First, he argues that he had standing to maintain a lawsuit even though he was no longer the owner of the property. Second, he claims the trial court violated the bankruptcy stay. These two legal issues were fully litigated in the trial court before the filing of Walton's motion to vacate the judgment.

With regard to the standing issue, Walton argued from the outset that he could recover damages even though he no longer owned the property. This issue was litigated at trial and again in Walton's new trial motion. The trial court rejected Walton's argument, concluding that he could not bring an action for trespass because he had neither actual nor constructive possession of the property at the time he filed suit. (See 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 695, p. 1020.) Like the standing issue, Walton's contention regarding the effect of the bankruptcy stay was considered and rejected by the trial court even before he filed his motion to vacate the judgment. Walton seems to be arguing that the court made a mistake in ruling against him, but that is not the type of mistake section 473 addresses. If the trial court erred as a matter of law, Walton's remedy was to appeal from the judgment. Section 473 does not serve the purpose of giving a party another bite at the apple to re-litigate issues already considered and decided.

---

[2]We do not suggest Walton has any valid basis to challenge the sale by Lake County.

Insofar as Walton claims the judgment is void because the trial court purportedly failed to honor the bankruptcy stay, he is mistaken. He relies on the principle that a bankruptcy petition stays any action to enforce a lien on property of the bankruptcy estate. However, the action below did not involve the enforcement of a lien against Walton's property. Indeed, the record on appeal discloses that the propriety of the tax lien was the subject of a separate action between Walton and Lake County, which is not a party to this lawsuit.[3] The evidence before the trial court was that Walton no longer owned the property. The sale transaction had already been consummated, and there was nothing for the court to stay. Moreover, the automatic stay provision of federal bankruptcy law does not apply to an action brought by the debtor, such as the action instituted by Walton against Frost. (*Shah v. Glendale Federal Bank* (1996) 44 Cal.App.4th 1371, 1377–1378.) In short, the court did not violate the bankruptcy stay or act in excess of its jurisdiction by considering evidence of the property sale as a ground for granting a nonsuit in favor of Frost.

We conclude there was no abuse of discretion in denying Walton's motion to vacate the judgment.

### DISPOSITION

The court's order of June 15, 2012, denying Walton's "motion for order relieving default" is affirmed. Frost shall be entitled to recover his costs on appeal.

---

[3]In his motion to vacate the judgment, Walton asked the trial court to take judicial notice of a separate action he filed against Lake County in which he sought to cancel the tax liens that led to the sale of the property.

7

_____
McGuiness, P.J.

We concur:

_____
Pollak, J.

_____
Jenkins, J.