Filed 12/22/22  Stewart v. Terrazas CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| LINDSEY STEWART,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>KEITH TERRAZAS,<br><br>    Defendant and Respondent. | D079591<br><br><br>(Super. Ct. No. 37-2021-00006733-CU-UD-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Lindsey Stewart, in pro. per., for Plaintiff and Appellant.

Elena Reyes for Defendant and Respondent.


I

INTRODUCTION

The wife of a deceased tenant filed an unlawful detainer action against the tenant's landlord seeking to recover personal possessions the tenant left on the rented premises.  The trial court dismissed the unlawful detainer complaint and entered judgment for the landlord.  We affirm.

## II
## BACKGROUND

Daniel Stewart (hereafter, tenant) rented a bedroom in a residence owned by a trust, of which defendant Keith Terrazas (hereafter, landlord) served as the trustee. A written lease stated the premises could not be used or occupied by any person other than the tenant without the landlord's consent.

In October 2020, the tenant suffered a serious medical ailment requiring continuous hospitalization. Soon after, the tenant's wife, plaintiff Lindsey Stewart (hereafter, the plaintiff), moved into the bedroom without obtaining the landlord's consent. In late December 2020, the landlord notified the plaintiff that the lease did not permit her to remain on the premises.

At or about the same time, the tenant notified the landlord he intended to move out and terminate his tenancy. A week later, the landlord sent a letter to the tenant accepting the termination of tenancy, effective January 31, 2021. He instructed the tenant to remove his possessions from the bedroom by January 31. He also stated the tenant was in breach of the lease by permitting the plaintiff to reside on the premises.

On January 23, the landlord sent a letter to the tenant, which he also posted on the bedroom door, reminding the tenant of the termination of the tenancy and instructing him to vacate the premises and remove his belongings on or before January 31. The letter reiterated that the tenant was in breach of the lease by permitting the plaintiff to reside on the premises. It stated the landlord would "be inspecting the property to confirm that no other parties [were] on the premises."

The following day, the landlord knocked on the bedroom door and heard no response. He unlocked the door and entered the room while holding a video camera. The plaintiff and her child were inside the room. A scuffle ensued, the accounts of which vary wildly. According to the landlord and a third-party witness, the plaintiff pushed and hit the landlord, prompting him to push her back slightly in defense. In the plaintiff's version of events, the landlord "punched" her in the face and "brutalized" her.

In either event, the plaintiff and her child left the premises at some point and did not return. The plaintiff also requested a temporary restraining order against the landlord, which was granted on January 26.

On January 28, the landlord taped another letter to the bedroom door. It stated the tenancy would end January 31, and it instructed the tenant to remove his property by then. It stated the landlord would "arrange to store [the tenant's] property for [sic] short period of time," but would dispose of any unclaimed property 15 days after the end of the tenancy.

On February 3, the tenant passed away from a medical complication.

On February 9, the tenant's former work supervisor sent text messages to the landlord, seeking to recover the tenant's property on behalf of the plaintiff and her child. The landlord declined to hand the tenant's property over to the work supervisor, stating there could be competing claims to the property from the tenant's heirs and successors.

On February 16, the plaintiff, proceeding in propria persona, filed an unlawful detainer complaint against the landlord—a twist of sorts on the usual case in which a landlord brings an unlawful detainer action against a tenant to recover possession of real property. She asserted claims against the landlord for violations of the Fourth Amendment to the federal constitution, Code of Civil Procedure sections 1940.2, subdivision (a), and 1954 (mislabeled

3

causes of action that she presumably intended to read as Civil Code sections 1940.2, subdivision (a), and 1954), and the temporary restraining order. In a subsequent court filing, the plaintiff contended she was also asserting claims against the landlord for "retaliation" and violations of Code of Civil Procedure sections 1159 and 1160.

The trial court set the matter for a one-day bench trial. At the trial, the court questioned the plaintiff whether she was claiming any right to occupy the bedroom. She replied that she was "not claiming anything to do with that property," and was concerned only with the personal property the tenant left in the bedroom. In response, the court opined the case was "really not an unlawful detainer action." It then dismissed the unlawful detainer complaint with prejudice because, in the court's words, the case was "by everyone's acknowledgment not an unlawful detainer action."

Next, the court turned to what it deemed to be the "real issue in dispute," which was the plaintiff's claimed entitlement to the tenant's personal property. Acting in a role akin to a mediator, the court attempted to resolve the parties' dispute concerning the tenant's personal property. It inquired as to the whereabouts of the property (the garage of the residence), the volume of the property (12 or 13 garbage bags), and the reasons the landlord would not give the property to the plaintiff (the landlord did not know who was legally entitled to it).

The landlord stated he would be willing to transfer the property to the plaintiff if she supplied him with a completed declaration under Probate Code

4

section 13100.[1]  After some back-and-forth between the court and the parties about particular items of property and other matters, the plaintiff executed a declaration under Probate Code section 13100.  Then, the court—still acting like a mediator—assisted the parties in selecting a time and place for the landlord to transfer the tenant's personal property to the plaintiff.

Thereafter, the court entered a judgment of dismissal in favor of the landlord.  The plaintiff appeals the judgment.

III

DISCUSSION

In her five-page opening appellate brief, the plaintiff appears to suggest that the trial court pressured her into executing the declaration under Probate Code section 13100.  However, she presents no cogent argument, supported by legal authorities and citations to the record, suggesting the trial court erred when it dismissed her unlawful detainer complaint with prejudice or entered judgment in favor of the landlord.

" 'To prevail on appeal, an appellant must establish both error and prejudice from that error.  [Citation.]  In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.  Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record.  [Citations.]  Similarly, we may disregard conclusory arguments that are not

_____

[1]    Probate Code sections 13100 through 13115 "set forth a relatively simple procedure for the nonprobate distribution of a decedent's personal property.  Decedent's testate beneficiaries and/or heirs at law may make their claims and take title (assuming no conflicting claims) simply by presenting a statutorily-prescribed affidavit to the holders of the property." (Ross & Cohen, Cal. Practice Guide: Probate (The Rutter Group 2022) ¶ 2:6, p. 2-2, italics omitted.)

5

supported by pertinent legal authority.' " (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597; see *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 [" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' "].)

These basic principles of appellate practice apply to the plaintiff, even though she is a self-represented litigant. " '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247; see *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 ["Although [a party] is representing himself in propria persona, he is not exempt from the rules governing appeals."].) "In other words, when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel." (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.)

To the extent the plaintiff purports to challenge the dismissal of her unlawful detainer complaint with prejudice or the entry of judgment in favor of the landlord, the plaintiff has forfeited her claims of error by failing to present any cogent arguments for reversal, supported by citations to the record and pertinent legal authorities. Because the plaintiff forfeited her claims of error, the judgment must be affirmed.[2]

---

[2] The plaintiff filed a motion to augment the appellate record with the reporter's transcript from the one-day bench trial and a notice of court ruling purportedly prepared by the landlord and served on the plaintiff following the bench trial. The motion to augment is denied, as the reporter's transcript is already included in the appellate record and the notice of court ruling is irrelevant and unnecessary to the disposition of the appeal.

IV

DISPOSITION

The judgment is affirmed.  Respondent is entitled to his costs.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


DATO, J.

7