Filed 8/7/25  Marriage of Navarro CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of IVONNE G. and ARMANDO E. NAVARRO. | D085561 |
| IVONNE G. NAVARRO, | |
| Appellant, | (Super. Ct. No. 20FL006540S) |
| v. | |
| ARMANDO E. NAVARRO, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Leonard N. Trinh, Judge.  Affirmed.

Ivonne G. Navarro, in pro. per., for Appellant.

Lopez & Wilmert and Roxanne F. Lopez for Respondent.


I

INTRODUCTION

In this marital dissolution proceeding, Ivonne G. Navarro appeals a family court order awarding her ex-husband, Armando E. Navarro, the full

amount of his California Public Employees' Retirement System (CALPERS) retirement account and $10,000 in attorney fees and costs. The court based its order on a finding that Ivonne breached her fiduciary duty to Armando by forging his signature on a qualified domestic relations order (QDRO).[1]

Proceeding in propria persona, Ivonne presents a variety of arguments on appeal that are unrelated to the challenged order and/or unsupported by legal authorities or citations to the appellate record. Insofar as she purports to challenge the sufficiency of the evidence supporting the challenged order, she has waived her argument by failing to set forth the material evidence relevant to her claim of error in her appellate briefs. Therefore, we affirm.

## II

## BACKGROUND

Ivonne and Armando married in 1982 and separated in 2020. They had no children together.

On August 12, 2020, Ivonne filed a petition for dissolution of the marriage.

On July 6, 2023, the family court entered a judgment dissolving the parties' marital status only.

On October 25, 2023, the court held a one-day trial on reserved issues, including property division, spousal support, and attorney fees.

On November 30, 2023, the court entered a judgment on the reserved issues:

• The court found that Ivonne breached the fiduciary duty she owed to Armando by transferring half of the community's interest in the marital residence to a third party without Armando's consent. The court

---

[1] We refer to the parties by their first names because they share the same surname. No disrespect is intended.

2

confirmed that Armando held the remaining half interest in the home as his separate property.

- The court found that Ivonne breached her fiduciary duty to Armando by transferring a vehicle to her sister after the parties separated. The court awarded Armando a second vehicle without equalization or offset.

- The court awarded each spouse one half interest in Armando's CALPERS retirement account and ordered the parties to prepare a QDRO for the division of the retirement funds.

- The court found that Ivonne breached her fiduciary duty to Armando by withdrawing the full amount of her CALPERS retirement account (about $83,600) without disclosing the withdrawal to him. Due to Ivonne's breach, the court awarded $75,000 of the retirement funds to Armando and the remainder to Ivonne.

- The court found that Ivonne breached her fiduciary duty to Armando by retaining the full amount of a $70,000 worker's compensation award she had received during the marriage. The court granted the full worker's compensation award to Armando.

- The court declined to award spousal support and reserved jurisdiction over spousal support. In declining to award spousal support, the court gave significant weight to Ivonne's multiple breaches of the fiduciary duty she owed to Armando.

- The court awarded Armando attorney fees totaling $6,735 due to Ivonne's multiple breaches of her fiduciary duty.

Neither party filed a timely notice of appeal from the judgment on reserved issues.

On June 24, 2024, Armando filed a request for order (RFO) seeking the full amount of his CALPERS retirement account and an award of attorney

fees on the ground that Ivonne falsified Armando's signature on a stipulated QDRO and submitted the QDRO to CALPERS without his knowledge.[2]

On January 9, 2025, the family court held a one-day contested evidentiary hearing for the RFO. Armando was represented by counsel during the hearing and Ivonne was self-represented. Three witnesses testified at the hearing—Armando, Ivonne, and a QDRO preparer Armando retained to prepare a QDRO. After the hearing, the court issued an order finding, by clear and convincing evidence, that Ivonne breached her fiduciary duty to Armando yet again by falsifying his signature on the QDRO. The court awarded Armando 100 percent of the value of his CALPERS retirement account and $10,000 in attorney fees and costs.

On January 14, 2015, Ivonne filed a notice of appeal from the order granting Armando's RFO.

III

DISCUSSION

Ivonne is self-represented in this appeal.[3] She presents a variety of arguments that purport to challenge the judgment on reserved issues.

---

[2] Ivonne filed a motion to augment the record on appeal with several legal filings submitted by the parties and family court orders entered at various points during the marital dissolution proceedings. We previously deferred consideration of the motion. We now grant the motion as to the RFO and supporting declaration filed by Armando on June 24, 2024. We deny the motion as to all other documents, which are already included in the appellate record or unnecessary to the disposition of the appeal.

Specifically, she claims the family court erred by declining to award spousal support to her. She also argues the court erroneously found that she breached her fiduciary duty to Armando by retaining her worker's compensation award, transferring half of the community's interest in the marital residence, and transferring a vehicle to her sister after the parties separated. However, Ivonne did not file a timely notice of appeal from the judgment on reserved issues. Therefore, her arguments challenging the judgment on reserved issues are not relevant to the present appeal, which is limited to the order granting Armando's RFO.

Ivonne presents a handful of arguments that debatably relate to the challenged order, but they are neither cogent nor supported by legal authorities or record citations. For instance, Ivonne argues the court "erred by refusing to admit" certain unidentified exhibits she allegedly sought to move into evidence. However, she does not identify the supposed exhibits or provide legal authorities or record citations to support her claim of error. Similarly, she suggests the court was "biased" against her, but does not substantiate this assertion with supporting legal authorities or record citations. We must disregard these perfunctory, vague, and unsupported arguments. (See *Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597 [" 'we may decide that the appellant has forfeited a

---

3       A self-represented litigant is " 'treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; see *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 ["Although [a party] is representing himself in propria persona, he is not exempt from the rules governing appeals."].) "In other words, when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel." (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.)

point urged on appeal when it is not supported by accurate citations to the record. [Citations.] Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority.' "]; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 [" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' "].)

At most, Ivonne arguably challenges the sufficiency of the evidence supporting the order granting Armando the full amount of his retirement account and attorney fees and costs.[4] However, to the extent she purports to assert such a challenge, she has forfeited her argument. " '[I]t is presumed that the evidence is sufficient to support [the trier of fact's] factual findings, and it is the appellant's burden to demonstrate that it does not .... And in furtherance of that burden, the appellant must fairly summarize the facts in the light favorable to the judgment.' [Citation.] 'To overcome the trial court's factual findings,' the appellant is ' "required to set forth in [his] brief all the material evidence on the point and *not merely* [*his*] *own evidence*. Unless this is done the error is deemed to be [forfeited]." ' " (*Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 598 (*Symons Emergency Specialties*); see *Slone v. El Centro Regional Medical Center* (2024) 106 Cal.App.5th 1160, 1173 (*Slone*) ["To meet its burden on appeal to show a finding of fact is not supported by substantial evidence, appellants cannot recite only evidence in their favor, but must ' "set forth in their brief *all* the

---

4     In her opening appellate brief, Ivonne contends, "Allegedly wife breached [her] fiduciary duty by forging his signature on the Stipulated … QDRO. [The] [e]vidence has proven that the allegation is false." Elsewhere in her opening appellate brief, she claims, "There is no evidence to support a finding of Appellant['s] breach of fiduciary duty."

6

material evidence on the point and *not merely their own evidence.*  Unless this is done the error is deemed to be waived." ' "].)

Ivonne has not satisfied her appellate burden of demonstrating that substantial evidence did not support the family court's findings.  In her opening appellate brief, she contends she and Armando both "signed the QDRO" that formed the basis for Armando's RFO, but she does not provide any summary of the evidence that was presented at the evidentiary hearing, let alone a fair summary of *all* of the material evidence relevant to her claim of error.  Because Ivonne bears the burden of establishing that the evidence was insufficient to support the family court's order, and she has failed to fairly summarize the evidence in the light most favorable to the order, Ivonne has forfeited any argument pertaining to the sufficiency of the evidence. (*Symons Emergency Specialties, supra*, 99 Cal.App.5th at p. 598; *Slone, supra*, 106 Cal.App.5th at p. 1173.)

IV

DISPOSITION

The order is affirmed.  Respondent is entitled to his costs on appeal.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


CASTILLO, J.

7