Filed 6/21/23  Werker v. West Coast Smiles CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| HERBERT WERKER,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>WEST COAST SMILES et al.,<br><br>    Defendants and Respondents. | D080165<br><br><br>(Super. Ct. No. 37-2020-00038737-CU-BC-NC) |


APPEAL from an order of the Superior Court of San Diego County, Blaine K. Bowman, Judge.  Affirmed.

Herbert Werker, in pro. per., for Plaintiff and Appellant.

Scheppach Bauer and Thorey M. Bauer for Defendants and Respondents.


I

INTRODUCTION

Plaintiff Herbert Werker appeals an order granting defendants Dr. Jovan Plamenac, D.D.S. and West Coast Smile's special motion to strike Werker's breach of contract cause of action pursuant to the anti-SLAPP

statute (Code Civ. Proc., § 425.16).[1]  However, Werker has failed to provide this court with an adequate record to conduct a meaningful review of the anti-SLAPP order.  Further, he has not made any cogent argument in favor of reversal, supported by legal authorities and citations to the appellate record.  Therefore, we affirm the order granting the anti-SLAPP motion.

## II

## BACKGROUND

Generally, this court relies on the allegations of the operative complaint when setting forth the background section of an opinion involving an anti-SLAPP order.  (*Miller v. Zurich American Ins. Co.* (2019) 41 Cal.App.5th 247, 250.)  However, Werker has not included the operative complaint in the record and no party has augmented the record to include the complaint or otherwise presented us with the complaint.  Because we do not have the operative complaint at our disposal, we draw the following background from the anti-SLAPP motion and the order granting the anti-SLAPP motion.

Beginning in or about August 2017, Werker moved into the home of Dr. Plamenac and his wife, which they shared with Dr. Plamenac's sister, an adult dependent who suffered from dementia.  Dr. Plamenac provided Werker a room to live in, use of a vehicle, and, at times, monetary compensation.  In exchange, Werker provided informal in-home care to Dr. Plamenac's sister, he occasionally transported her to Dr. Plamenac's dental practice office (West Coast Smile), and he managed certain short-term rental units for Dr. Plamenac.

In fall of 2020, Dr. Plamenac purportedly came to believe Werker had perpetrated verbal and physical abuse against his sister.  Therefore, he

---

[1]      SLAPP is an acronym that refers to a Strategic Lawsuit Against Public Participation.  (*Geiser v. Kuhns* (2022) 13 Cal.5th 1238, 1242.)

applied for a temporary restraining order (TRO) against Werker. The court overseeing the TRO proceeding granted Dr. Plamenac's application and ordered Werker to move out of the home.

According to Werker, the TRO application contained falsehoods and the TRO proceeding was a pretextual retaliation against him. Werker claimed Dr. Plamenac retaliated against him because he had asked for additional compensation for the services he rendered. He maintained that Dr. Plamenac also retaliated against him because Dr. Plamenac had asked him to move out of his bedroom into the garage and he had refused the request.

Proceeding in propria persona, Werker filed the operative second amended complaint alleging thirteen causes of action against Dr. Plamenac and his alleged alter ego, West Coast Smile. Pertinent here, the complaint asserted a breach of contract cause of action against both defendants. As noted, the record does not include the operative complaint, so we cannot quote from it. However, as summarized in the anti-SLAPP motion, the complaint alleged Dr. Plamenac breached an employment contract and a rental agreement he had with Werker. Further, according to the anti-SLAPP motion, the conduct producing the alleged breach of contract consisted entirely of Dr. Plamenac's application for a TRO against Werker.

The defendants filed a special motion to strike under the anti-SLAPP statute, requesting that the trial court strike seven of the causes of action including the breach of contract cause of action. They argued the breach of contract cause of action arose from protected activity because Dr. Plamenac's statements to the court overseeing the TRO proceeding constituted the conduct giving rise to the alleged contract breaches at issue. Further, they argued the breach of contract cause of action did not have minimal merit

3

because it was based on conduct that was protected by the litigation privilege (see Civ. Code, § 47, subd. (b)).

According to the opening brief, Werker opposed the special motion to strike. However, Werker has not included the alleged opposition brief or any accompanying evidence in the appellate record.

The trial court granted the anti-SLAPP motion. It found all seven targeted causes of action arose from protected activity because they were predicated on Dr. Plamenac's act of "helping his [s]ister pursue a temporary restraining order" and his act "of making a declaration to be submitted as evidence in that TRO proceeding." Further, the court found the causes of action did not have minimal merit. Based on these findings, the trial court struck all seven causes of action, including the breach of contract cause of action.

## III

## DISCUSSION

Werker appeals the trial court's order granting the anti-SLAPP motion and challenges the ruling only to the extent it strikes his breach of contract cause of action. He asserts the court erred in striking the breach of contract cause of action because Dr. Plamenac "breached the contract he had with [Werker] prior to his … action of filing the erroneous TRO." Specifically, he claims Dr. Plamenac breached his alleged employment agreement with Werker by failing to pay him promised wages and commissions.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment [or order] is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment [or order]." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609

4

(*Jameson*).) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Id.* at p. 609; see also *Hernandez v. Cal. Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 ["Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff."].)

Applying these principles to the current case, we conclude Werker has failed to present us with an adequate record to assess the merits of the order granting the anti-SLAPP motion. He has not supplied us with the operative complaint, a filing we need in order to decide whether the breach of contract cause of action arose from protected activity. (Code Civ. Proc., § 425.16, subd. (b)(2) ["In making [a first step anti-SLAPP] determination, the court shall consider the pleadings"]; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 ["In deciding whether the initial 'arising from' requirement is met, a court considers 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' "].) He also has not provided us with his purported brief in opposition to the anti-SLAPP motion, or any evidence accompanying said brief—filings that would permit us to assess whether his breach of contract cause of action has minimal merit. (See *Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th

931, 949 ["at the second stage of an anti-SLAPP hearing, the court may consider affidavits, declarations, and their equivalents if it is reasonably possible the proffered evidence set out in those statements will be admissible at trial"]; *Sugarman v. Benett* (2021) 73 Cal.App.5th 165, 172 [" 'a plaintiff seeking to demonstrate the merit of the claim "may not rely solely on its complaint, even if verified; instead, its proof must be made upon competent admissible evidence" ' "].)  Because Werker has not provided us with an adequate record to evaluate the merits of the anti-SLAPP order, we must presume the order is correct.  (*Jameson, supra*, 5 Cal.5th at pp. 608–609.)

Even if Werker has presented this court with a sufficient record, we would nonetheless affirm the order granting the anti-SLAPP motion as to his breach of contract cause of action.  " 'To prevail on appeal, an appellant must establish both error and prejudice from that error.  [Citation.]  In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.  Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record.  [Citations.]  Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority.' " (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146 [" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' "].)

Although Werker makes a fleeting argument that the purported breach of contract occurred prior to the TRO proceeding, and therefore did not arise from protected activity, Werker does not support his claim with any citation to legal authorities or the appellate record.  Further, he makes no reasoned

6

argument that his breach of contract claim has minimal merit. Because Werker has made no cogent argument that would justify a reversal of the anti-SLAPP order—supported by legal authorities and citations to the appellate record—he has not established that the trial court erred. And because he has not established error, the anti-SLAPP order must be affirmed.

At various points in his appellate briefs, Werker mentions he is not a licensed attorney and he is proceeding with his case in propria persona. The complexities of prosecuting an appeal as a self-represented litigant are not lost on us. However, the principles of appellate procedure apply to Werker all the same, notwithstanding his status as a self-represented litigant. " '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1247; *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574 ["Although [a party] is representing himself in propria persona, he is not exempt from the rules governing appeals."].) "In other words, when a litigant accepts the risks of proceeding without counsel, he or she is stuck with the outcome, and has no greater opportunity to cast off an unfavorable judgment than he or she would if represented by counsel." (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267.)

Finally, in addition to challenging the anti-SLAPP order, Werker asserts in passing that he should be allowed to amend his complaint to pursue a viable breach of contract cause of action. To the extent Werker is requesting permission to amend his complaint in light of the trial court's order granting the anti-SLAPP motion, we reject Werker's request. "[A] plaintiff whose complaint is stricken by a successful anti-SLAPP motion cannot try again with an amended complaint. There is no such thing as granting an anti-SLAPP motion with leave to amend." (*Dickinson v. Cosby*

7

(2017) 17 Cal.App.5th 655, 676; see also *Finato v. Keith A. Fink & Associates* (2021) 68 Cal.App.5th 136, 149 [" 'Once the trial court has determined the speech at issue is constitutionally protected, it may not grant leave to amend to omit facts to take the claim out of the protection of section 425.16.' "]; *Simmons v. Allstate Ins. Co.* (2001) 92 Cal.App.4th 1068, 1073 ["the anti-SLAPP statute makes no provision for amending the complaint once the court finds the requisite connection to First Amendment speech"].)

IV

DISPOSITION

The order granting the anti-SLAPP motion is affirmed. Respondents are entitled to their appellate costs.

McCONNELL, P. J.

WE CONCUR:

O'ROURKE, J.

KELETY, J.