Filed 3/27/25  Wilcox v. Wang CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| MINGLI WANG,<br><br>        Plaintiff and Appellant,<br><br>                v.<br><br>HEIDI K. WILCOX,<br><br>        Defendant and Respondent. | A171486<br><br>(Alameda County Super. Ct. No. 24CV085031) |
| HEIDI K. WILCOX,<br><br>        Plaintiff and Respondent,<br><br>                v.<br><br>MINGLI WANG,<br><br>        Defendant and Respondent. | A171148<br><br>(Alameda County Super. Ct. No. 23CV035517) |

### MEMORANDUM OPINION[1]

Pro se appellant Mingli Wang (Wang) seeks review of adverse

judgments entered in favor of respondent Heidi Wilcox (Wilcox) in two

---

[1] This matter is proper for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, Standard 8.1.  (See Ct. App., First Dist., Local Rules of Ct., rule 19, Abbreviated Opinions; *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

1

related civil harassment cases, one in which the court renewed a previously issued restraining order against Wang (Alameda County Superior Court No. 23CV035517, at issue in A171148) (No. A171148), and another in which the court denied Wang's request for a restraining order against Wilcox (Alameda County Superior Court No. 24CV085031, at issue in A171486) (No. A171486). On our own motion, we consolidated the two appeals for decision.

In No. A171486, appellant's opening brief makes the following representations of fact: "Heidi Wilcox sprayed me with a water gun on June 4th 2023. She walked up to me multiple times and threatened me. On November 3th 2023, she broke my mailbox and tore it off the wall and left it on the floor. In December 2023, she broke my boiler several times and gave me a heart attack. She stole from me many times. On February 23 2024, she returned to my property . . . and tried to steal from me again. I caught her and called the police. During that time, she kept insulting me and threatened me in person. She repeatedly gave false testimony in court and provided false documents to hurt me in person." In support of these representations, appellant provides no citations to the record, such as it is.[2]

Similarly, in No. 171148, appellant's opening brief makes the following representations of fact, here too without citation to the record: "I have not done anything that Heidi Wilcox accused me of. She did not present any evidence to prove her point in the trial on July 31, 2024," the

---

[2] In both appeals, appellant elected to proceed without any of the oral proceedings before the court, and all we have is a 45-page clerk's transcript that contains little more than a Judicial Council form CH-100 evidencing the initial petition for a temporary restraining order (TRO), a form CH-110 evidencing the denial of the TRO, and a minute order following the trial at which the petition was heard and decided).

day of the hearing on Wilcox's TRO renewal application. Wilcox "has lied countless times since she rented my house. She lied again to achieve this goal. It is all slander and defamation against me." "The judge rejected the written evidence (papers) submitted by Mingli Wang in court. He even refused to use the big screen on the court wall to open the email evidence she sent to the court. [¶] Mingli Wang provided a large amount of detailed paper and email versions to the court [on the] day [of the hearing.]"

In neither appeal does appellant make any legal arguments, cite any legal authority, or specify any error, other than her generalized and unsupported allegation that there was a lack of evidence and that the trial court "discriminated" against her on the basis of her Asian ancestry,[3] and "ignored the truth of what had happened." In No. 171486, her characterization of the court's explanation for its ruling is, "[t]he judge said to her in court . . . "The defendant hurt you before today, but it does not mean that the defendant will hurt you in the future," which she claims is "against common sense." Appellant's appeal to "common sense" evidences her disagreement with the court's judgment, but it is not legal argument.

In response to appellant's opening briefs in these appeals, respondent filed nothing and thus there was no occasion for any reply, so appellant's factually and legally unsupported briefs are the only submissions we have

---

[3] In her briefs in both appeals, appellant states that she cannot understand English, but she appears to have been provided a translator for the hearings in each case, whom she references in her opening brief in No. 171486. While the briefs appellant submitted to us are bereft of record citations or legal argument, the language employed in these briefs is coherent and for the most part grammatically correct, which suggests that in writing the appellate briefs she either had the assistance of a translator or understands English well enough to write in English in a serviceable manner.

3

from either party in both appeals. "Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) " 'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.' " (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619.)

" 'To prevail on appeal, an appellant must establish both error and prejudice from that error. [Citation.] In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has forfeited a point urged on appeal when it is not supported by accurate citations to the record. [Citations.] Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority.' " (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 597.)

While appellant's unrepresented status no doubt explains these deficiencies, it does not excuse them. (*Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [" ' "the in propria persona litigant is held to the same restrictive rules of procedure as an attorney" ' "].) Appellant's self-represented status does not exempt her from the rules of appellate procedure or relieve her of her burden on appeal. Those representing themselves are afforded no additional leniency or immunity from the rules of appellate procedure simply because of their propria persona status. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

## DISPOSITION

The judgments in both cases will be affirmed.  As respondent failed to appear in either appeal, no cost award will be made.

STREETER, Acting P. J.

WE CONCUR:

GOLDMAN, J.
SIMONDS, J.*

---

\* Judge of the Superior Court of California, County of Sonoma, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5